# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **CHAD LITTLE ET AL.** | **CASE NO. 2:21-CV-00997** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AEGIS SECURITY INSURANCE CO.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court are cross-motions for summary judgment [docs. 11, 15], filed at the court's direction by the parties to this action on their dispute over coverage for plaintiffs' hurricane damages. The dispute arises from the anti-concurrent causation clause in defendant's policy. Both motions are now ripe for review.

## I.
### BACKGROUND

This suit arises from damages sustained to plaintiffs' home by Hurricane Laura. At the time the storm made landfall on August 27, 2020, plaintiffs' home in Cameron Parish, Louisiana, was covered by a manufactured home insurance policy issued by defendant Aegis Security Insurance Company ("Aegis"). *See* doc. 15, att. 2. The policy provides various forms of property coverage. *Id.* At the beginning of the policy's list of exclusions, however, the Anti-Concurrent Causation Clause ("ACC") states: "We do not pay for loss to the types of property covered under this policy caused by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any

sequence to the loss." *Id.* at 11. The exclusions include coverage for damage "caused by, contributed to or aggravated by" flooding. *Id.* at 12.

After the storm, plaintiffs submitted a claim to Aegis for the property damage they had sustained. Aegis denied coverage under the ACC and plaintiffs filed suit in this court for breach of insurance contract and bad faith. Doc. 1. Aegis has since provided a damage assessment prepared by an engineering firm. *See* doc. 15, att. 3. According to this document, the plaintiffs' home first sustained damage as a result of the storm's high winds before it was flooded and then displaced from its concrete piers by a storm surge of 16.6 feet, 7.6 feet higher than the home's finished floor elevation. *Id.* at 8–9. The parties have now filed cross-motions for summary judgment over this coverage dispute.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v.*

*Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046). When the terms are ambiguous, however, that ambiguity must be construed

against the insurer and in favor of coverage. *Id.* at 589–90. The contract must also be interpreted as a whole, with each provision reviewed in light of the others. *Calcasieu Par. Sch. Bd. v. Miller*, 92 So.3d 1200, 1202 (La. Ct. App. 3d Cir. 2012).

The Fifth Circuit has held that ACCs like the one described above are not ambiguous, and may properly exclude coverage for damages caused by a combination of an excluded peril and a non-excluded peril. *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 429–31 (5th Cir. 2007).[1] Such clauses are not precluded from operation by Louisiana statutory law, case law, or public policy. *Cameron Par. Sch. Bd. v. RSUI Indem. Co.*, 620 F.Supp.2d 772, 780 (W.D. La. 2008). The defendant has the burden of showing that an exclusion applies, by a preponderance of the evidence. *Hartenstein v. State Farm Fire & Cas. Co.*, 2008 WL 11355008, at *3 (E.D. La. June 11, 2008). The burden then shifts to the insured "to prove that the damage is within an exception to the exclusion, *i.e.*, [] the amount of segregable damage which was caused by a peril covered under the policy." *Id.*

Aegis has provided the above-described engineering report, indicating that both the covered peril (storm winds) and excluded peril (storm surge) contributed to all losses claimed by defendants. Plaintiffs provide nothing to counter or undermine this opinion. Through its report, Aegis has met its burden of showing that an exclusion applies.

---

[1] *Leonard* involved an *Erie* guess made under Mississippi law, from which the Mississippi Supreme Court subsequently departed by holding that such clauses only validly extended where the excluded peril was "concurrent" to the covered peril rather than occurring "in any sequence." *See Penthouse Owners Ass'n v. Certain Underwriters at Lloyd's*, 612 F.3d 383, 387 n. 1 (5th Cir. 2010) (citing *Corban v. United Svcs. Auto. Ass'n*, 20 So.3d 601, 615–16 (Miss. 2009)). However, *Leonard* and its progeny "live on in the Circuit's consideration of ACC clauses arising under Louisiana law." *Arcement v. GeoVera Specialty Ins. Svcs.*, 2015 WL 151325, at *5 (E.D. La. Jan. 12, 2015). One Louisiana appellate court has followed the Mississippi Supreme Court, holding that an ACC cannot exclude coverage where the excluded peril occurs subsequent to the covered peril. *Id.* (citing *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 123 So.3d 787 (La. Ct. App. 4th Cir. 2013)). No other Louisiana court has followed suit, however, and the court finds insufficient cause for departing from *Leonard* as applied by the federal courts in this state.

Plaintiffs' argument is insufficient to create a genuine issue of material fact on the applicability of the exclusion or their own ability to show that the damages were segregable. Accordingly, Aegis had no obligation to pay on plaintiffs' claim and is entitled to summary judgment.

## IV.
### CONCLUSION

For the reasons stated above, Aegis's motion for summary judgment [doc. 15] will be **GRANTED** and plaintiffs' motion for summary judgment [doc. 11] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of July, 2021.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**